No. 45.—JOB TURNER, plaintiff in error, *vs.* JOHN JOINER *et al.* defendants in error.

[1.] In a proceeding under the sixth section of the Judiciary Act of 1799, to establish a lost Sheriff's deed to property sold under *fi. fa.* the defendant in *fi. fa.* is a necessary party.

[2.] The Court in which a lost deed for land is to be established, is the Superior Court of the county in which the land lies.

Turner *vs.* Joiner *et al.*

Ejectment, in Marion Superior Court. Tried before Judge WORRELL, February Term, 1855.

This action was for land on the demise of John Joiner and others *vs.* Job Turner, tenant in possession. On the trial, Turner offered in evidence an established copy of a Sheriff's deed—established by the Superior Court of Marion County —the deed being made by Cullen R. Lockett, former Sheriff. The rule *nisi* was served upon him, and the Court permitted the plaintiff below to show that Lockett did not reside in Marion County, at the time of the establishment of the copy deed. Upon this proof, the Court rejected the established copy; and the admission of evidence to this point, the trial of the issue by the Court, and the final rejection of the copy deed, are all assigned as errors in this Court.

BLANDFORD & CRAWFORD; MILLER & HALL, for plaintiff in error.

ELAM, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

What persons ought to be the parties to a rule, for the establishment of a lost Sheriff's deed?

What Court is the Court to entertain the rule?

The answer to these two questions will decide this case.

The latter part of the sixth section of the Judiciary Act of 1799, is as follows: "and the said Courts, respectively, shall have power and authority to establish copies of lost papers, deeds or other writings, under such rules and precautions as are or may have been customary, and according to law and equity."

The rules and precautions that had been customary, and according to law and equity, for affording relief in the case

of lost writings, were such as were in use for that purpose in Equity. And among those in use in Equity, for that purpose, as well as for all other purposes, was one, that all persons interested in the relief prayed for in the bill, should be parties to the bill.

Who, then, are the persons interested in the question, whether a Sheriff's deed shall be established or not?

Of these persons, he who, as Sheriff, made the deed, is obviously one. It is clear that he may be affected in various ways, by the judgment establishing the deed.

The defendant in the *fi. fa.* under which the property was sold, is another. It is against him, chiefly, that the deed, when established is to operate.

Is such a deed necessary to transfer the property to the purchaser? It is the property of the defendant in *fi. fa.* that the deed is so to transfer. Is such a deed not necessary to the transfer of the property, but yet useful to the purchaser, as evidence, to show the property transferred to him? Whatever, as evidence, shows the property transferred *to* the purchaser, as evidence, also shows it transferred *from* the defendant in *fi. fa.* In these respects, most important respects, too, it is the defendant in *fi. fa.* and not the Sheriff, who has the interest that is against the establishment of the deed.

[1.] In a proceeding in Equity, to obtain relief or protection against the consequences of the loss of a Sheriff's deed, the defendant in the *fi. fa.* whose property the deed would transfer or effect, would be a necessary party. Of this, there cannot be much doubt. And if, in such a proceeding, he would be a necessary party, then, by the language of the sixth section of the Judiciary Act of 1799, he is a necessary party to a proceeding under that section, to establish a lost Sheriff's deed.

This being so, the Sheriff's deed, in this case, was not properly established—for Jones, the defendant in the *fi. fa.* was not a party to the rule by which the deed was established. For *this* reason, therefore, the decision of the Court, rejecting the copy deed, when offered as evidence, was right.

Burkhalter *vs.* Bulloch.

In what Court, of what county, is the proceeding for the establishment of a lost deed to land to be? In the Superior Court of the county in which the land lies.

The Constitution of the State says, that "The Superior Court shall have exclusive jurisdiction," "in all cases respecting titles to land, which shall be tried in the county where the land lies."

A case for establishing a lost deed to land, is a case respecting the title to land. It is, therefore, a case which, by the words of the Constitution, has to be tried in the Superior Court of the county in which the land lies. Such a case more directly and exclusively respects the title to land, than does a case in ejectment; for strictly speaking, an ejectment concerns rather the possession of land than title to land.

[2.] We think, therefore, that the Superior Court of the county in which the land lies, is the Court in which a lost deed to the land is to be established.

There were some other points in the case, but the decision of these two renders it unnecessary to decide them.